CHARLES F. MATTLAGE v. THE BOARDS OF CHOSEN FREEHOLDERS OF THE COUNTIES OF HUDSON AND BERGEN.

Argued November 3, 1904—Decided February 27, 1905.

In a suit brought under the ninth section of the Bridge act (*Gen. Stat.,* p. 307), giving an action by one injured through the wrongful neglect to repair a bridge, with the repair of which a municipality is chargeable, the plaintiff cannot recover when it appears that the injury complained of occurred when the authorities were actually engaged in making the repairs required by the condition of the bridge. The wrongful neglect to repair must be continuing when the damage results.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON, GARRETSON and REED.

For the plaintiff, *Collins & Corbin.*

For the defendant the board of chosen freeholders of the county of Hudson, *John Griffin.*

For the defendant the board of chosen freeholders of the county of Bergen, *Ernest Koester.*

The opinion of the court was delivered by

GARRETSON, J. While the plaintiff's schooner was going through the not fully opened draw in the defendants' bridge at Little Ferry, on the Hackensack river, it was damaged, and for these damages this suit is brought.

It appears from the evidence of the plaintiff that on Sunday morning, November 1st, 1903, the schooner approached the draw, the captain having blown a horn as a signal to open it, when some one hallooed to stand back, whereupon the captain turned around and sailed back up the river, when he received another signal to come on, and he then turned the vessel toward the bridge. Just as the schooner's bowsprit was entering the abutments the machinery of the draw started, and the draw was only partly opened, or had begun to open, but was not fully open. At that moment someone shouted to the captain to go back, but he was then too close to the bridge and could not stop or turn around. The schooner went under the draw and the deck was swept clear of the masts and other upper structures. The plaintiff's witnesses testify that he was called to come on the second time by the bridgetender in charge of the bridge.

It is in evidence that the draw had not been in perfect working order for some few days because of the failure of the electrical apparatus to properly work the wedges which

held the draw in place, but at the time of the accident the electrician was actually engaged in repairing the apparatus.

The case, as tried, was under the ninth section of the Bridge act (*Gen. Stat., p.* 307, § 9), which is as follows: . "That in all cases where * * * the board of chosen freeholders of a county are chargeable by law with the erection, repair or rebuilding of any bridge or bridges, and the said * * * board of chosen freeholders shall wrongfully neglect to erect, rebuild or repair the same, by reason whereof any person or persons shall receive injury or damage in his or their person or property, he or they may bring his or their action of trespass on the case against said * * * board of chosen freeholders * * * and recover judgment against them to the extent of all such damage sustained."

The right of action under this statute only exists in cases of wrongful neglect, and it must be wrongful neglect continuing when the accident occurred. If the board of freeholders were not aware of the defect or that it had existed for so long a time that reasonable inspection would not have caused it to have been discovered, no recovery can be had. *Creighton* v. *Freeholders of Hudson,* 41 *Vroom* 350. In the present case the board of freeholders knew of the defect, and had known of it for some time before the accident occurred, but when the accident occurred they were actually engaged in making the necessary repairs.

Even if it was proved that the defect had existed for so long a time that the failure of the board to repair was a wrongful neglect, yet when the repairs were actually begun the neglect had come to an end, and the plaintiff could not maintain his action because the repairs had not been begun soon enough.

Under the well-known rules of law the plaintiff could not recover for the negligence of the defendants' servants. So that if the bridgetender signaled to the plaintiff's captain to come on before the draw was fully opened, that was a negligent act for which the defendants were not responsible.

The rule to show cause will be made absolute.