LOCKE v. BOARD OF CHOSEN FREEHOLDERS OF ATLANTIC COUNTY.

(Circuit Court, D. New Jersey. January 2, 1908.)

1. BRIDGES—DEFECTS—DEATH OF TRAVELER—PUBLIC CORPORATION—LIABILITY.
No liability existed at common law in a civil suit for injury to or death of a traveler caused by the nonrepair of a bridge by a public corporation; the remedy being by indictment only.
[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Bridges, §§ 80–105.]

2. SAME—STATUTES—PLEADING.
Act N. J. March 15, 1860 (P. L. p. 285), provides that where the board of chosen freeholders of a county are chargeable by law with the repair of any bridge, and shall wrongfully neglect to repair the same, by reason whereof any person shall receive injury, he may bring an action of trespass against such board, and recover judgment to the extent of the damage. Held, that a declaration thereunder for the death of plaintiff's intestate by the nonrepair of a bridge, failing to allege facts showing that defendant board was "chargeable by law" with the repair of the bridge and that it "wrongfully neglected" to repair, was fatally defective.

On Demurrer to Declaration.

Carrow & Kraft, for plaintiff.
E. A. Higbee, for defendant.

LANNING, District Judge. The plaintiff, as administratrix of the estate of Joseph L. Locke, Jr., deceased, brings this action against the board of chosen freeholders of Atlantic county, N. J., to recover damages resulting from the alleged wrongful neglect of the defendant to repair a certain bridge in the highway known as "Meadow Boulevard," over which the deceased was riding in an automobile. The gravamen of the plaintiff's complaint is that the defendant wrongfully neglected to keep the bridge in repair, and that the plaintiff's intestate was killed by reason of that negligence.

It is conceded that no liability existed at common law in a civil suit for the nonrepair of a bridge by a public corporation. The remedy was by indictment only. In 1860, however, the Legislature of New Jersey passed the following act:

"That in all cases where a township or the board of chosen freeholders of a county are chargeable by law with the erection, rebuilding or repair of any bridge or bridges, and the said township or board of chosen freeholders

shall wrongfully neglect to erect, rebuild or repair the same, by reason whereof any person or persons shall receive injury or damage in his or their persons or property, he or they may bring his or their action of trespass on the case against said township or said board of chosen freeholders, as the case may be, and recover judgment against them to the extent of all such damage sustained as aforesaid, which said judgment shall be paid by the township or county, as the case may be." Act March 15, 1860 (P. L. p. 285).

It is not suggested by the defendant that the personal representative of a deceased person who has come to his death by the wrongful neglect of a board of chosen freeholders to repair a bridge may not maintain an action under the above act, and therefore no consideration has been given to that question. The most cursory reading of the section, however, shows that at least two things must exist to establish liability as against a board of chosen freeholders for failure to repair a bridge: First, that it is "chargeable by law" with such repair; and, second, that it shall "wrongfully neglect" to repair the bridge. In the declaration in the present action there are no facts alleged from which it may be inferred that the defendant, the board of chosen freeholders of Atlantic county, is in anywise "chargeable by law" with the repair of the bridge. Such chargeability should be not only proven in the case, but averred in the pleadings. Neither are there any averments from which it can be inferred that there was any "wrongful neglect" on the part of the defendant in the performance of the statutory duty imposed upon it by the section above quoted. The averments should be such as to show, not only that the bridge was out of repair, but that the board of chosen freeholders knew, or were chargeable with knowledge, of its want of repair. These two principles are settled by the construction given to the statute by the Supreme Court and the Court of Errors and Appeals of the state of New Jersey in Spencer v. Freeholders of Hudson, 66 N. J. Law, 302, 49 Atl. 483, Creighton v. Freeholders of Hudson, 70 N. J. Law, 350, 57 Atl. 870, and Mattlage v. Freeholders of Hudson and Bergen, 72 N. J. Law, 51, 60 Atl. 195.

The demurrer must be sustained. If the plaintiff desires so to do, she may have leave to amend her declaration within 20 days after the defendant shall have served upon her a copy of a rule to that effect; otherwise, final judgment nil capiat may be entered by the defendant.